IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | Criminal No. 14-57 |
| | ) | Judge Nora Barry Fischer |
| JOHN S. LONGO, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court is a restitution request filed on behalf of "Angela" seeking compensation from Defendant John S. Longo in this criminal action under 18 U.S.C. § 2259. (Docket No. 42-1). On August 28, 2014, Defendant pled guilty to one count of production of material depicting the sexual exploitation of a minor, identified as "child victim 1," in violation of 18 U.S.C. § 2251(a) and (e) and 18 U.S.C. § 2, at Count Three of the Indictment at Criminal Number 14-57. Pursuant to a plea agreement with the Government, Defendant agreed to accept responsibility for the conduct charged at Counts 1-2 and 4-8 of the Indictment and the United States has agreed to move to dismiss said counts upon the imposition of his sentence. (*See* PIR at ¶¶ 3, 15; *Plea Letter dated 8/26/14* at ¶¶ A.1; B.1). In support of the restitution request, the attorney for "Angela" has provided the Court with a letter brief, victim impact statement, an expert report and a statement of damages claimed. (Docket No. 42-1). Both the Government and Defendant have responded to the request via Sentencing Memoranda noting that the restitution request must be denied due to the fact that Defendant was neither charged with nor pled guilty to any offense resulting from his possession of the material depicting the sexual exploitation of "Angela." (Docket Nos. 42, 43). Instead, as noted in the PIR, such material was discovered by the Government during a forensic examination of Defendant's computer system

and represents "uncharged conduct" for which restitution may not be ordered. (*See id.*; PIR at ¶¶ 3, 15). For the following reasons, the Court agrees with the parties and will deny the restitution request.

It is well settled that restitution is mandatory for victims of child pornography offenses under 18 U.S.C. § 2259 for all losses to a victim which are proximately caused by an offender. *See e.g.*, 18 U.S.C. § 2259(a); *Paroline v. United States*, --- U.S. ---, 134 S.Ct. 1710 (2014) (citing *Hughley v. United States*, 495 U.S. 411 (1990)). Indeed, this Court has awarded restitution in appropriate cases. *See e.g., United States v. Hardy*, 707 F. Supp. 2d 597 (W.D. Pa. Apr. 19, 2010). But, the statutory provisions dictate that an award of restitution is limited to victims of the offense of conviction and do not authorize an award of restitution for uncharged conduct of a defendant. *See Paroline,* 134 S.Ct. at 1720 (citing *Hughley*, 495 U.S. at 416) ("a straightforward reading of § 2259(c) indicates that the term 'a crime' refers to the offense of conviction."); *see also* 18 U.S.C. § 2259(c) ("For purposes of this section, the term "victim" means the individual harmed as a result of a commission of a crime under this chapter"). Here, the parties agree that Defendant was not charged with any offense involving his possession of the material depicting the sexual exploitation of "Angela" and his guilty plea to Count Three involved his production of material depicting the sexual exploitation of "child victim 1" as noted in the Indictment. (Docket Nos. 42, 43). Accordingly, the Court is constrained by § 2259(c) and the applicable precedent, *see e.g.*, *Hughley*, *Paroline*, and must deny the request for restitution by "Angela."[1]

Despite this ruling, this Court retains broad discretion under 18 U.S.C. § 3661 to consider

---

[1] The Court notes that to the extent that the attorney for "Angela" advocates that Defendant should be formally charged with offenses related to his possession of material depicting her sexual exploitation, this Court lacks the authority to do so as all charging decisions are made at the discretion of law enforcement officials. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364, (1978) ("the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion.").

uncharged conduct of Defendant for purposes of imposing a fair and appropriate sentence under 18 U.S.C. § 3553. *See* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Therefore, the Court has reviewed and will consider the information presented by the attorney for "Angela" and the victim impact statements provided by several other individuals who were depicted in the child pornographic materials located on Defendant's computer which also do not form the basis for Count 3 of the Indictment to which he has pled guilty. Although these individuals are not technically victims of the offense of conviction and are not entitled to restitution, they were certainly harmed by his conduct of possessing those images and the same sheds additional light on Defendant's background, character and conduct such that the information they have provided may be considered under § 3661.

For these reasons, the request for restitution by "Angela" [42] is denied, without prejudice to her pursuit of restitution against Defendant in the event that he is charged with and convicted of an offense for which she is deemed a victim under the restitution statutes.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date: January 20, 2015

cc/ecf: All counsel of record.

Marc C. Lenahan, Esquire
Lenahan Law
2655 Villa Creek, Suite 204
Dallas, TX 75234
(regular and certified mail).